UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENT CURTIS SCHWERTZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00135 JMD |
| MISSOURI DEPT. OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Brent Schwertz, a self-represented prisoner, has filed a complaint, Doc. [1], an Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], and the account statement required by 28 U.S.C. § 1915(a)(2), Doc. [3]. Having reviewed the Application and account statement, the Court finds that Plaintiff is unable to pay the $405 filing fee in its entirety and will grant Plaintiff's Application. According to the account statement, Plaintiff's average monthly deposit was $59.92, and his average monthly balance was $35.21. Applying the terms of 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $11.98, which is 20 percent of the greater of those figures.

Plaintiff must pay the $11.98 initial partial filing fee to the Clerk of Court no later than **Monday, October 6, 2025**. After Plaintiff pays the initial partial filing fee, he will be required to make monthly payments to the Court in accordance with 28 U.S.C. § 1915(b)(2) until he has paid the full amount of the filing fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that prisoner-litigants must "pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments

over a period of time"); *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997) (explaining that prisoners "always must pay in full").

If Plaintiff fails to timely pay the initial partial filing fee or show he has no assets and no means to do so, the Court will dismiss this action without prejudice and without further notice. *See Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010) (per curiam) (affirming dismissal under Federal Rule of Civil Procedure 41(b) for failure to pay initial partial filing fee); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) and noting that, under the Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action); *see also Hutchins v. A.G. Edwards & Sons, Inc.,* 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Plaintiff has also filed a Motion for Appointment of Counsel. Doc. [4]. The Court will deny the motion. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts and present his claim, and the existence of conflicting testimony. *Id.*

After considering the relevant factors, the Court finds that the appointment of counsel is unwarranted. This case appears factually and legally straightforward, and there is no indication that Plaintiff cannot adequately present his claims or that his claims involve information unavailable to him. Although Plaintiff has a learning disability, he has adequately presented his

2

case to the Court. However, recognizing that circumstances may change, the Court will deny the motion without prejudice, and will entertain future such motions if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $11.98 no later than **Monday, October 6, 2025**. Plaintiff must make his remittance payable to "Clerk, United States District Court," and include the following information: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [4], is **DENIED** without prejudice.

Dated this 20th day of August, 2025.

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE